Good morning, Your Honors. May it please the Court, Nadine Heddle on behalf of the appellant Eric Streng. I'd like to reserve three minutes of argument for rebuttal. Argument time, excuse me. I've raised many issues in my brief. I'd like to start with the issue regarding whether the Court properly calculated the guidelines range. The District Court in this case plainly erred in stating that the sentencing guideline range was 324 to 405 months, when it was actually 240 months, the statutory max. I would point out that the Court should review this claim under a de novo review and not plain error standard. In Evans-Martinez, which I cited in my brief, the Ninth Circuit ruled in a case involving the misapplication of 5G 1.1b, a related provision to the one of concern here, that where there was no objection below, the Court opted to not use a plain error standard, stating that we are not limited to the standard of review when we are presented with a question that is purely one of law and where the opposing party will not suffer prejudice. That is the case here. Ordinarily, we do review for plain error when the defendant failed to object to the sentencing procedure, but what difference does it make to your argument that the PSR correctly stated the statutory maximum and the Court adopted the PSR, and the Court seemed to understand that it could exercise its discretion? Well, that's the question, Your Honor, whether it understood that or not, but with respect to that argument, Your Honor, I cited the Dorvey case, which is a Second Circuit case, and not binding, but it But in Dorvey, there was no indication that the Court understood what the statutory maximum was and there was no indication that the Court adopted the PSR or made any adjustment, and here there is an indication along those lines. Your Honor, I would respectfully disagree. In Dorvey, the Court noted the statutory max in the record, and the Court still held, despite noting what the stat max was, that it did not calculate the guidelines correctly. So is your argument that even though the guideline range when calculated was 324 months, the Court had to start the guideline calculation at 240 months? That's correct, Your Honor. And so you're relying on the Second Circuit decision for that argument? Your Honor, I'm relying on a provision of the guidelines, 5G 1.1a, and that is a plain and very clear law, which the Court did not follow here. Its actual sentence imposed was below any of the things we've been talking about. It's below the guidelines range. It's well below the statutory maximum. Your Honor, I don't think that that relieves the Court from stating the proper range. In Evans-Martinez, which involved 5G 1.1b, which is when a statutory mandatory minimum trumps the guidelines. In that case, the guidelines were lower than the mandatory minimum. The Court held that this mattered when the District Court had sentenced the defendant to 160 months, which was well above the statutory minimum. And in Dorby, the Court departed from the statutory maximum and sentenced the defendant to a below stat max range, and Dorby stated that it was plain error in that case. Yes, but here it's below the guidelines range that you contend is applicable. Well, the issue here, it matters because the Court's obligation is to correctly calculate the guidelines, and that's what the Supreme Court calls for in Gall, that the guidelines must be correctly calculated. Did the PSR correctly calculate the guidelines? It stated that the guidelines range was 240. And so, was that correct or incorrect? That is correct. Okay, so when the Court adopted the PSR, was it not adopting the correct range? If the PSR is correct and the District Court adopts it, where is the error? The error is that the Court has to properly state what the guideline range is so that we can evaluate the reasonableness of its application of the 3553A factors. So why isn't, we've said in other cases that it's permissible for the Court to adopt the PSR, correct? Correct. So if the PSR states the guideline correctly and the District Court adopts it, why isn't that the District Court stating the correct guideline? I think that's at odds with Evans-Martinez, where I believe the Court adopted the PSR, but yet, and stated, and gave a sentence above the mandatory minimum. But that's not what we have here. It's not the same situation exactly, but it is an application of a related provision of the guidelines. And I think the issue here is that the Court has to initially state the proper starting point, the initial benchmark, as this Court has said in Cardey. But absent objection, if the PSR has it, you're saying it's error for the Court, absent objection, to incorporate the PSR calculation? Yes, I think Evans-Martinez supports using a de novo review standard, because this is a purely legal issue. And so under a de novo review, even though we didn't object, I think that this is a misapplication of the guidelines. So if we disagree with you regarding de novo review and we review this for plain error, do you lose? No, I don't. I think the Dorothy decision, even though it's the Second Circuit, sets out the reasoning  you have to state the starting point correctly so that this Court can review for reasonableness the Court's application of the 3553A factors. I guess my view, just to lay my cards on the table, is heavily influenced by the fact that the judge here rejected two different C1C plea agreements. So we know going in, right, that the judge didn't even think 132 was going to be enough, right? So I guess your position is that somehow if he had known, although I think he did, but even if we bought your argument, that he didn't know it was 240 was the starting place, that he would have gone below 180? And I just think that strikes me as totally implausible here. We know the judge thought that 132 was not enough and was going to give something above that, right? Yes, Your Honor, but we're talking about a four-year difference between 132 and 180 months. And when you have, if the Court believes that its starting point was 324 and it was giving a generous departure off that, then that might have changed if we knew and properly recognized that its starting point was 240. Counsel, you're down to a little over a minute and a half, if you'd like to save it for rebuttal. You don't have to, but you're welcome to. You're, that went fast. I would, Your Honor. Thank you. Thank you. I hear from the gentleman. Good morning, Your Honors. I'm Stephen Wolf for the United States. Your Honor, I'd like to make really just two points about this case. One, Judge Watford already essentially made, which is that this is a very unusual sentencing appeal because of the extreme detail in which the factual record was developed because of the fact that the defendant pled guilty twice, there were two plea agreements, there were two sentencing hearings at which Judge Anderson rejected the parties' agreed sentence, and then finally the sentencing hearing that resulted in the actual sentence being imposed, so that the factual record is very much more extensive than the average hour-long sentencing matter, and despite the defendant's contention just a minute ago, the government believes that there's almost no objection by the defendant below. Whatever the defendant felt was important to him at the time did not result in objections to the manner in which the court took care of the fairness of the sentencing procedure. But doesn't Evans-Martinez say for procedure error there doesn't have to be an objection? The calculation of the guidelines range is a matter of law, and even absent objection we have an obligation to determine and to make sure that the guideline range was correctly calculated. Your Honor, I think that must be the law, but the point that we set out in our papers is that part of the confusion in the way this sentencing played out is between whether the guideline range is different from the guideline sentence. As an ordinary matter, the guideline range is determined by the court and then the court involves a statutory maximum that's way below the guideline range. The guidelines say the sentence rather than the range shall be the 240 months of statutory maximum. The section of the guidelines that opposing counsel relies on says that if the statutory maximum is lower than the guideline range, then the guideline range becomes the statutory maximum. So that's not talking about the sentence, it's talking about the range. Well again, we argued in the papers, and I don't really have anything to add to it, that the uncertainty about whether the range and the sentence are different accounts for the fact that Judge Anderson didn't say I'm starting at 240 months. I submit that it's plain on this record because the record is so extensive that as Judge Watford said a moment ago, no one can imagine, I submit, that Judge Anderson was saying I'm starting at 300, I'm starting at 30 years, and while I see half a dozen serious aggravating factors, the defendant is an admitted contact offender. The defendant wasn't convicted of possession, he was convicted of distribution. The aggravating enhancements under the guidelines are enormous, and the only mitigation is in the defendant's staunch family support. I submit that it simply cannot be as a matter of common sense, leaving aside whether it's law or fact or the two operating together. Common sense says that Judge Anderson did not reduce his sentence from 20 years to 15, or he did that rather, he didn't reduce it from 30 to 15 on those facts. Do you agree or disagree with my understanding that the court adopted the PSR? Oh, no, Your Honor, he certainly did. And the PSR stated that the statutory maximum of 240 was the starting point. Yes, Your Honor. Defendant made no objection to the facts or the guidelines calculation below at any of the sentencing hearings. I really don't have more to say unless the court has additional questions. I don't believe that any of us has any more questions, so thank you. The court is adjourned. Thank you, Your Honor. I would just address the government's position regarding there being some distinction between the terms guideline range and guideline sentence. When we're dealing with a mandatory minimum or a statutory maximum, we're dealing with one number, and therefore, and not a range. It's always going to be one number. So, it's described as a guideline sentence. The government tries to draw a distinction and say, you know, that it's proper for him to announce the range or the guidelines range and to use that. The guideline sentence is the guideline range in this case, and it is one number, 240. The court did not recognize that properly in this case. This case is very much the facts and Dorvey, even though that is a Ninth Circuit case, that that... It's Second Circuit. I mean, it's Second Circuit case. Thank you, Your Honor. The record was better for the government in that case, and the defendant won on a plain error standard. And the court suggested prejudice that if we do not know, if the court doesn't start out with the right guidelines, which represents the typical case, then we do not know whether the court properly applied the 3553A factors comparing this case to the typical case. And for that... Thank you, counsel. I'm sorry. Go ahead and conclude. No. For that reason, we should remand, Your Honor. Thank you very much. The case just argued is submitted, and we appreciate the helpful arguments from both counsel. And we'll take about a ten-minute recess.
judges: Graber, Rawlinson, Watford